UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------------x
HILDA L. SOLIS, SECRETARY OF LABOR,
  United States Department of Labor,               :

                                      Plaintiff,      :
                                                           CIV. ACTION NO.
                           v.                         :

MEDIA SOLUTIONS, INC.                         :

                                                          :
                                    Defendant.
---------------------------------------------------------------------x

## **COMPLAINT**

       Hilda L. Solis, Secretary of the United States Department of Labor, hereby alleges:

### **Jurisdiction, Parties and Venue**

       1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended, and is brought pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), to redress violations, to enforce the provisions of Title I of ERISA, and to obtain appropriate relief.

       2.     This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

       3.     Media Solutions, Inc. ("Media Solutions") was the Plan Sponsor and Administrator of the Media Solutions, Inc. 401(k) Plan (the "Plan").

       4.     The Plan is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5. Venue for this action lies in the District of New Hampshire where the Plan was administered, pursuant to ERISA Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2).

### Claim for Relief

6. Pursuant to Rule 10(c), Fed. R. Civ. P., the Secretary adopts and incorporates by reference the averments and allegations of paragraphs 1 through 5 inclusive.

7. At all relevant times, Media Solutions was the Plan Sponsor and Administrator of the Plan with fiduciary duties owed to the Plan.

8. Media Solutions had a place of business at 9 Medallion Center, Merrimack, N.H. 03054 which served also as the location where the Plan was administered.

9. The Plan became effective on January 1, 1997.

10. The Plan was funded, at least in part, by salary withholdings from the pay of the employees of Media Solutions.

11. The last available annual report (Form 5500) filed for the Plan indicates the Plan held Sixty-four Thousand Two Hundred Fifty-six dollars ($64,256) as of December 31, 1999.

12. The last available annual report (Form 5500) filed for the Plan indicates the Plan had 21 Plan participants as of December 31, 1999.

13. Media Solutions ceased operations sometime in 2002.

14. Media Solutions did not seek protection under the U.S. Bankruptcy Code.

15. At all relevant times, William A. Russell was the President and owner of Media Solutions.

16. The First National Bank of Boston was the directed trustee of the Plan.

17. William A. Russell served as the individual with Plan administration duties and responsibilities.

18. The Plan presently holds approximately $21,000 belonging to five (5) Plan participants.

19. In 2000 and 2001, William A. Russell authorized distributions of Plan assets to Plan participants.

20. William A. Russell is one of the Plan participants with an active Plan account.

21. The remaining Plan assets are held with Columbia Trust.

22. Columbia Management Services, Inc. serves as the Third Party Administrator for the Plan.

23. Despite requests from the Secretary, Columbia Trust has declined to exercise its option, under the Department of Labor regulations, to take action to release the remaining assets of the Plan to the remaining five (5) Plan participants.

24. The Secretary has been unable to locate William A. Russell.

25. At no time before or after Media Solutions' cessation of operations did any Plan fiduciary take steps to ensure the continuing prudent administration of the Plan.

26. No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and management of its assets.

27. The Plan has not been formally terminated.

28. The Plan has been effectively abandoned.

29. As a result of the facts and circumstances set forth at paragraphs 7 through 28, the Plan presently does not have a fiduciary with authority and discretion to manage and control all its assets, operations and administration as required by ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 20 U.S.C. § 1103 (a), and there is no one other than this Court with the authority to appoint a new fiduciary.

30. As a result of the facts and circumstances set forth at paragraphs 7 through 28, the remaining participants of the Plan are unable to obtain appropriate Plan distributions pursuant to the terms of the Plan unless and until this Court appoints a fiduciary for the Plan.

## Prayer for Relief

WHEREFORE, the Secretary prays that this Court enter an order:

a) appointing an independent fiduciary who shall be recommended by the United States Department of Labor to administer the Plan, and who shall effect the proper distribution of Plan assets to the remaining participants of the Plan and effect the Plan's termination; and

    b) providing such other relief as may be just and equitable.

Respectfully submitted,

    November 10, 2009

                                            Deborah Greenfield
Acting Deputy Solicitor for
the Office of the Solicitor

Michael D. Felsen
Acting Regional Solicitor

*/s/ Donald E. d'Entremont*
Donald E. d'Entremont, Esq.
MA BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

*Post Office Address*:
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
Tel:  (617) 565-2500
Fax:  (617) 565-2142

*Complaint for Solis v. Media Solutions, Inc.*