UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

US Department of Labor, Secretary

v.                                              Case No. 09-cv-376-JM

Media Solutions, Inc.

O R D E R

After having reviewed the plaintiff's Memorandum Regarding Service and accompanying

affidavit (doc. no. 7), it is not clear that the government has properly served the defendant's

"registered agent" (RSA 293-A:5.01-5.02) or the "secretary" of the defendant corporation (RSA

293-A:1.40(20)) as required by RSA 293-A:5.04.  Nor is it clear that certified mail returned as

undeliverable, even if directed to the "secretary" of the corporation, satisfies this statute.  Cf.

Lunt v. Gaylor, 150 N.H. 96 (2003)(service deemed inadequate when there was no record of the

registered mail service and return receipts of such service on file with the court).

The New Hampshire Supreme Court has consistently required strict compliance with

statutory requirements for service of process.  Lachapelle v. Town of Goffstown, 134 N.H. 478,

479-80 (1991)("We decline to accept the plaintiff's invitation to redraft the statute to allow any

alternative method of service.  See Ellis v. Royal Ins. Co., 129 N.H. 326, 334 (1987) (statute will

not be redrafted to meet an intention not expressed in its language).  This court has consistently

required plaintiffs to comply with clear statutory directives covering the procedure for effecting

service of process.  Hudson v. Musor, 128 N.H. 804, 806 (1986);  Sununu v. Clamshell Alliance,

122 N.H. 668, 673 (1982).");  see also Bissonnette v. Alpine, Inc., 96 N.H. 419, 420 (1951)

("Where a statute points out a particular method of serving process ... such method must be followed.").  Thus, based on the submissions to date, it is not clear that the plaintiff has properly served the defendant pursuant to RSA 293-A:5.04(a) or (b).  As a result, the clerk shall not enter default against the defendant at this time.  10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE & PROCEDURE (CIVIL) § 2682 (3rd ed. 1998)("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").  It should be noted, however, that RSA 293-A:5.04(c) provides that "this section does not prescribe the only means, or necessarily the required means, of serving a corporation."

SO ORDERED.

Date: May 28, 2010                                    /s/ Daniel J. Lynch
                                                      Daniel J. Lynch
                                                      U.S. Magistrate Judge


cc:     Donald E. d'Entremont, Esq.