UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


US Department of Labor, Secretary

           v.                              Case No. 09-cv-376-LM

Media Solutions, Inc.


O R D E R

The plaintiff, Secretary of Labor, previously filed a Memorandum Regarding Service and accompanying affidavit (doc. no. 7).  According to the memorandum, the plaintiff attempted to serve William A. Russell, president and registered agent of the in-state corporate defendant, Media Solutions, Inc., by certified mail at the defendant's last known address.  According to the attached affidavit, the certified mail was returned as undeliverable.  The plaintiff maintained that this attempted service satisfied RSA 293-A:5.04(b)(3).  To date, the defendant has not filed an answer in this case.

By order dated May 28, 2010, the court declined to enter default noting that it was "not clear that the government has properly served the defendant's 'registered agent' (RSA 293-A:5.01-5.02) or the 'secretary' of the defendant corporation (RSA 293-A:1.40(20)) as required by RSA 293-A:5.04.  Nor is it clear that certified mail returned as undeliverable, even if directed to the 'secretary' of the corporation, satisfies this statute.  Cf. Lunt v. Gaylor, 150 N.H. 96 (2003) (service deemed inadequate when there was no record of the registered mail service and return receipts of such service on file with the court)."  Tacitly rejecting the plaintiff's contention that the attempted service satisfied RSA 293-A:5.04(b)(3), the court indicated that

"[i]t should be noted ... RSA 293-A:5.04(c) provides that 'this section does not prescribe the only means, or necessarily the required means, of serving a corporation.'"

On June 21, 2010, after the plaintiff took no further action in response to that order,  the court directed the plaintiff to properly serve the defendant and file a corresponding affidavit of service or it would recommend dismissal of this action without prejudice.  In response to that order, the plaintiff effectuated in-hand service on the New Hampshire Secretary of State on July 1, 2010 (doc. no. 11).  The plaintiff continues to maintain that the attempted certified mail service on the president and registered agent of the defendant--even if returned as undeliverable-- constitutes effective service under RSA 293-A:5.04(b)(3).  The plaintiff provides no citation to suggest that in-hand service on the New Hampshire Secretary of State constitutes proper service on an in-state corporation.

The plaintiff expressly relies upon Fed. R. Civ. P. 4(h)(1)(A), which effectively permits a plaintiff to serve a defendant consistent with the state law where the district court is located, which in this case is New Hampshire state law.  As recently reaffirmed in Impact Food Sales, Inc. v. Evans, ___ N.H. ___, 2010 WL 2383806, *3 (2010), the New Hampshire Supreme Court consistently requires literal strict compliance with the statutory requirements for service of process.  See Lachapelle v. Town of Goffstown, 134 N.H. 478, 479-80 (1991) ("Where a statute points out a particular method of serving process ... such method must be followed."); see also Bissonnette v. Alpine, Inc., 96 N.H. 419, 420 (1951)  ("Where a statute points out a particular method of serving process ... such method must be followed.").  While there are various ways to

serve an in-state corporate defendant, the plaintiff in this case relies upon RSA 293-A:5.04, which outlines the manner of perfecting service on a "registered agent" or "secretary" of an in-state corporation.  That statute provides as follows:

**293-A:5.04. Service on Corporation**.

(a) A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation.

(b) If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office. Service is perfected under this subsection at the earliest of:

(1) The date the corporation receives the mail;
(2) The date shown on the return receipt, if signed on behalf of the corporation; or
(3) Five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postpaid and correctly addressed.

(c) This section does not prescribe the only means, or necessarily the required means, of serving a corporation.

RSA 293-A:5.04.

This service statute is further explained in 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE & PROCEDURE § 14.07 (1997) (emphasis added): "Service may be made either in-hand or by leaving an attested copy at the abode of the agent.  If a corporation has no agent, or if the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office."  Thus, under RSA 293-A:5.04, service against an in-state corporation can be perfected by effectuating in-hand or abode service on the registered agent or by registered or certified mail directed to the "secretary" of the corporation.

In this case, the plaintiff attempted to serve the in-state defendant corporation's registered agent by certified mail, which is not authorized under the statute.  While such an attempt would have been proper if they had attempted to serve the secretary of the corporate defendant, in fact they attempted to serve the president of the corporation.[1]  The plaintiff's subsequent in-hand service on the New Hampshire Secretary of State simply has no legal significance as to an in-state corporate defendant under New Hampshire service statutes.  Thus, the plaintiff has not yet properly served the in-state corporate defendant in this case.

Having once worked in the New Hampshire Superior Court and having reviewed hundreds of default requests, the court fully understands the difficulties presented with service when an in-state corporate defendant is long ago dissolved (nearly eight years ago here) and no registered agent, corporate secretary or any other officer of the dissolved corporation can be located.  On the other hand, to enter a default on the defendant on this record would not only deprive the defendant of the protections of service requirements, but would also expose the plaintiff to a motion to vacate the judgment at some unknown date in the future.  Cf. M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361,  364 (1st Cir. 2004) ("[A] default judgment issued without jurisdiction over a[n] [out-of-state] defendant [due to improper service] is void, ... it remains vulnerable to being vacated at any time, ...").  There is, however, an alternative form or service that would be acceptable in this situation.

As previously stated, RSA 293-A:5.04(c) provides that "this section does not prescribe the only means, or necessarily the required means, of serving a corporation."  As the plaintiff is

---

[1]Although unnecessary to the court's decision, it questions whether certified mail service, if returned as undeliverable as to a dissolved in-state corporation, would constitute proper service under RSA 293-A:5.04(b).

unable to locate the registered agent (RSA 293-A:5.04(a)), identify the corporation's secretary (RSA 293-A:5.04(b)), or otherwise identify the corporation's treasurer, cashier, director, trustee or manager (RSA 510:14), it would appear that the only method of alternative service would be service by publication pursuant to RSA 510:9.

Attachment A contains the language that must appear in the published notice.  The plaintiff shall publish a copy of Attachment A once each week for three successive weeks in a newspaper whose circulation includes Merrimack, New Hampshire, the last publication being not less than twenty one days (21) before October 29, 2010.   The plaintiff shall file an affidavit of service indicating compliance with this order on or before October 15, 2010.  Should the plaintiff comply with this order and the defendant fail to file an answer on or before October 29, 2010, default will promptly enter.

SO ORDERED.

Date: August 27, 2010                         /s/ Daniel J. Lynch
                                              Daniel J. Lynch
                                              U.S. Magistrate Judge

cc:     Donald E. d'Entremont, Esq.

**ATTACHMENT A**

**NOTICE BY PUBLICATION**

Case No. 09-cv-376-LM
US Department of Labor, Secretary v. Media Solutions, Inc.

The above-captioned civil action is now pending against Media Solutions, Inc., in the United States District Court for the District of New Hampshire.  A copy of the complaint filed in that action may be examined by interested parties at the courthouse or on-line via PACER.  An attorney representing the defendant must file an answer to the complaint in the United States District Court for the District of New Hampshire on or before October 29, 2010, the failure of which will result in a default being entered against Media Solutions, Inc.

PER ORDER OF THE COURT

James R. Starr, Clerk
United States District Court
District of New Hampshire
55 Pleasant Street, Rm. 110
Concord, NH  03301